# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| FOUIMALO FONOTI, | Case No. 3:18-cr-00039-SLG-1 |
| Defendant. | |

## ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 241 is Defendant Fouimalo Fonoti's Motion for Compassionate Release. The Government filed a response in opposition at Docket 246, and Mr. Fonoti filed a reply at Docket 1140. As requested by the Court, U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 248.

On April 16, 2019, this Court sentenced Mr. Fonoti to 144 months imprisonment after he was found guilty on one count of Drug Conspiracy (methamphetamine) and one count of Possession with Intent to Distribute.[1] Mr. Fonoti is currently in Bureau of Prisons (BOP) custody and incarcerated at Terminal Island FCI; his projected release date is June 23, 2028.[2]

---

[1] Docket 164 (Judgment).

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed June 29, 2023).

In April 2023, Mr. Fonoti filed the instant motion for compassionate release, seeking to reduce his sentence to time served.[3] For the reasons below, the Court denies Mr. Fonoti's motion.

## I. Applicable law

The First Step Act of 2018, enacted on December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[4] If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. On the merits, in order to reduce a sentence, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction *and* that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction.[5] Although a district court must make both findings "before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."[6] The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13 is not binding on a district court considering a compassionate release

---

[3] Docket 241 at 5.

[4] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[5] 18 U.S.C. § 3582(c).

[6] *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order Re Motion for Compassionate Release
Page 2 of 6
Case 3:18-cr-00039-SLG   Document 251   Filed 06/30/23   Page 2 of 6

motion filed by a defendant, but that policy statement "may inform a district court's discretion."[7]

## II. Exhaustion of administrative rights

An inmate has exhausted his administrative rights if the warden of the inmate's facility has denied the inmate's request for compassionate release or if 30 days have lapsed from the warden's receipt of the request for compassionate release.[8] Mr. Fonoti asserts that he submitted requests for compassionate release via email to the warden on or about October 15, 2022, and that there was no response.[9] But he has not attached a copy of either of those requests with his motion. Mr. Fonoti did attach as an exhibit what appears to be a written request that he submitted to the warden dated March 28, 2023, requesting that the warden "review [his] case for compassionate release."[10] This request does not reference any prior request. Mr. Fonoti then filed his instant motion for compassionate release on April 24, 2023, less than 30 days from March 28, 2023.[11]

The Government contends that Mr. Fonoti has not yet exhausted his administrative remedies.[12] The Government asserts that "the BOP has no record

---

[7] *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

[8] 18 U.S.C. § 3582(c)(1)(A).

[9] Docket 241 at 7.

[10] Docket 241-1 at 2.

[11] Docket 241.

[12] Docket 246 at 4.

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order Re Motion for Compassionate Release
Page 3 of 6

of any compassionate release requests or administrative remedy appeal" from Mr. Fonoti on or around October 2022.[13] In support of that assertion, the Government attached an email and administrative remedy report from the BOP supervisory attorney George Cho confirming the same.[14] The Government also points out that "the March 2023 request . . . was submitted just twenty-seven days prior to the filing of the instant motion, meaning that the March request does not satisfy the [30-day] exhaustion requirement."[15]

In his motion, Mr. Fonoti cites to *United States v. Richardson*, in which the District Court for the Eastern District of California found "the BOP's alleged lack of records in th[at] case not to be controlling."[16] The court noted that over the period of several months, "the BOP ha[d]—on several occasions—incorrectly represented the status of inmates' exhaustion efforts."[17] Because the defendant in that case provided a "detailed log of his multiple requests for compassionate release with the BOP" and "attached one of his most recent requests with the BOP," along with "a follow-up request . . . which a BOP staff member signed stating that his . . . request was under review," the court held that the defendant had

---

[13] Docket 246 at 5.

[14] Docket 246-1 at 1.

[15] Docket 246 at 6.

[16] Case No. 2:17-CR-00048-JAM, 2020 WL 3402410, at *2 (E.D. Cal. June 19, 2020).

[17] 2020 WL 3402410, at *2 (citation omitted).

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order Re Motion for Compassionate Release
Page 4 of 6
Case 3:18-cr-00039-SLG   Document 251   Filed 06/30/23   Page 4 of 6

satisfied the exhaustion requirement, after noting that "[e]xhaustion simply means waiting 30 days, regardless of Warden response."[18]

Here, the evidence that the exhaustion requirement has been met is not nearly as robust. Mr. Fonoti did not provide any written documentation to support his claim that he submitted requests for compassionate release prior to March 28, 2023. And his March 28, 2023, request is not signed by a staff member and contains no disposition.[19] There is nothing else in the record evidence to support Mr. Fonoti's claim that he has exhausted his administrative remedies. Accordingly, the Court finds that Mr. Fonoti has not met the exhaustion requirement and therefore his motion must be denied without prejudice.

## III. Extraordinary and compelling reasons

Because Mr. Fonoti has not met the exhaustion requirement, the Court need not determine at this time whether he has made a showing that an extraordinary and compelling reason exists for a reduction in his sentence.

## IV. Section 3553(a) factors

Similarly, the Court need not determine whether the § 3553(a) factors weigh in Mr. Fonoti's favor at this time.[20]

---

[18] 2020 WL 3402410, at *2.

[19] Docket 241-1 at 2.

[20] "Although a district court must perform [the § 3582(c)(1)(A)] sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." *Keller*, 2 F.4th at 1284 (emphases in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order Re Motion for Compassionate Release
Page 5 of 6
Case 3:18-cr-00039-SLG   Document 251   Filed 06/30/23   Page 5 of 6

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's motion at Docket 241 is DENIED without prejudice due to a failure to exhaust administrative remedies.

DATED this 30th day of June, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

before denying a motion based on the § 3553(a) factors).

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order Re Motion for Compassionate Release
Page 6 of 6
Case 3:18-cr-00039-SLG   Document 251   Filed 06/30/23   Page 6 of 6