# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FOUIMALO FONOTI, <br><br> Defendant. | Case No. 3:18-cr-00039-SLG-1 |

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 252 is Defendant Fouimalo Fonoti's pro se Motion for Compassionate Release. Appointed counsel filed a sealed supplemental motion at Docket 263. The Government filed a response in opposition at Docket 267, to which counsel replied at Docket 273. The U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 266.

On April 16, 2019, this Court sentenced Mr. Fonoti to 144 months' imprisonment after he pled guilty to drug charges.[1] Mr. Fonoti is currently on home confinement with his sentence projected to end on June 24, 2027.[2] Mr. Fonoti

---

[1] Docket 164 at 1-2.

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed April 2, 2025) (indicating that Mr. Fonoti is located at Seattle Residential Reentry Management); Docket 273 at 2 (sealed) (noting that Mr. Fonoti was set to transition to home confinement on March 19, 2025).

seeks a sentence reduction to 120 months' imprisonment.[3]  For the reasons below, the Court denies Mr. Fonoti's motions.

## I. Applicable Law

### a. Amendment 821 & 18 U.S.C. § 3582(c)(2)

Section 3582(c)(2) provides that a court may reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a)."  Amendment 821 to the Sentencing Guidelines, adopted in 2023, replaced § 4A1.1(d) with § 4A1.1(e) and now provides that one—rather than two—criminal history point is added if the defendant committed the instant offense while under any criminal justice sentence and only if the defendant had seven or more criminal history points.[4]  This change is retroactive for defendants sentenced before Amendment 821 was adopted.

### b. 18 U.S.C. § 3582(c)(1)(A)

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction.[5]  Before

---

[3] Docket 263-1 at 1 (sealed).

[4] *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (U.S. Sent'g Comm'n 2021), *with* U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2024).

[5] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order on Motion for Compassionate Release
Page 2 of 9
Case 3:18-cr-00039-SLG     Document 275     Filed 04/08/25     Page 2 of 9

seeking compassionate release in district court, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6]

If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. To reduce a sentence on the merits, a court must find that "extraordinary and compelling reasons"—as set forth in the applicable policy statements issued by the Sentencing Commission—and the applicable 18 U.S.C. § 3553(a) factors warrant a sentence reduction.[7] Although a district court must make both findings "before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."[8]

"Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's policy statement and the requirement that 'rehabilitation

---

[6] 18 U.S.C. § 3582(c)(1)(A).

[7] 18 U.S.C. § 3582(c). *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) ("Congress provided no statutory definition of 'extraordinary and compelling reasons.' Instead, Congress stated that the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" (quoting 28 U.S.C. § 994(t))).

[8] *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order on Motion for Compassionate Release
Page 3 of 9
Case 3:18-cr-00039-SLG    Document 275    Filed 04/08/25    Page 3 of 9

alone' is not extraordinary and compelling."[9] The policy statement at U.S.S.G. § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," applies to both BOP-filed and defendant-filed compassionate release motions.[10] Pursuant to § 1B1.13, extraordinary and compelling reasons include a defendant's serious physical or medical condition that substantially diminishes his ability to provide self-care in an institutional setting; a defendant's age of at least 65 years old combined with a serious deterioration in his physical or mental health; and the incapacitation of a parent, spouse, or minor child of the defendant and the defendant is the only available caretaker.[11] Another extraordinary and compelling reason enumerated in the policy statement is when the defendant was the victim of physical or sexual abuse while in custody "that was committed by, or at the direction of, a correctional officer, [or] an employee or contractor of the Bureau of Prisons."[12]

The policy statement also includes a catchall provision for "other reasons" that might constitute an extraordinary or compelling reason warranting a sentence reduction, and a court may consider "any other circumstance or combination of

---

[9] *United States v. Roper*, 72 F.4th 1097, 1100 (9th Cir. 2023) (alteration omitted) (quoting *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

[10] *See* U.S. Sent'g Guidelines Manual § 1B1.13(a) (U.S. Sent'g Comm'n 2024) ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . .").

[11] *Id.* § 1B1.13(b)(1)-(3).

[12] The assault must also be established by a criminal conviction or a finding of liability in a civil case or administrative proceeding. *Id.* § 1B1.13(b)(4).

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order on Motion for Compassionate Release
Page 4 of 9
Case 3:18-cr-00039-SLG    Document 275    Filed 04/08/25    Page 4 of 9

circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[13] "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree. By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing."[14]

Further, pursuant to both 28 U.S.C. § 994(t) and § 1B1.13, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . . . However, rehabilitation of the defendant . . . may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."[15]

## II. Discussion

### a. Amendment 821

When Mr. Fonoti was sentenced in 2019, he received nine criminal history points based on his prior criminal conduct and two additional criminal history points because he committed the instant offenses while on probation for a state misdemeanor conviction for driving while license revoked.[16] Based on the

---

[13] *Id.* § 1B1.13(b)(5).

[14] *United States v. Canales-Ramos*, 19 F.4th 561, 566-67 (1st Cir. 2021) (citations omitted).

[15] U.S. Sent'g Guidelines Manual § 1B1.13(d).

[16] Docket 163 at 11-12 (sealed).

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order on Motion for Compassionate Release
Page 5 of 9
Case 3:18-cr-00039-SLG    Document 275    Filed 04/08/25    Page 5 of 9

resulting 11 criminal history points, the Court placed Mr. Fonoti in criminal history category V.[17] The Court calculated Mr. Fonoti's total offense level as 33 and, with a criminal history category V, Mr. Fonoti's Sentencing Guidelines range was 210 to 262 months' imprisonment.[18]

Applying Amendment 821 to Mr. Fonoti's case, he would have received only one additional criminal history point for committing the instant offense while on state probation. Therefore, while he would have a total of 10 criminal history points instead of 11 points, his criminal history category of V would not change.[19] Therefore, the Court denies Mr. Fonoti's request for a sentence reduction based on Amendment 821.

### b. Compassionate Release

As an initial matter, the Court finds that Mr. Fonoti has exhausted his administrative remedies. He submitted a request for compassionate release to the warden of his facility on June 26, 2024, which the warden denied on July 11, 2024.[20]

Moving to the merits, Mr. Fonoti contends that he is eligible for a sentence reduction because of the threat that COVID-19 poses to his health, his numerous

---

[17] Docket 163 at 12 (sealed); Docket 165 at 1 (sealed).

[18] Docket 163 at 18 (sealed); Docket 165 at 1 (sealed).

[19] Docket 266 at 1 (sealed).

[20] Docket 252-1 at 2-3.

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order on Motion for Compassionate Release
Page 6 of 9
Case 3:18-cr-00039-SLG    Document 275    Filed 04/08/25    Page 6 of 9

medical conditions, and his extensive efforts at rehabilitation.[21] Mr. Fonoti is classified by the Bureau of Prisons as a medical care level 2 inmate, indicating that Mr. Fonoti has chronic conditions but that they are stable.[22] Mr. Fonoti also suggests that the COVID-19 outbreak and associated conditions at FCI Terminal Island support a sentence reduction.[23]

Mr. Fonoti provides evidence that he has completed dozens of programs while serving his sentence; completed a residential drug treatment program; worked in the food service warehouse and received above average work evaluations; and is considered by the Bureau of Prisons to be a low recidivism risk.[24] Mr. Fonoti's most recent disciplinary infraction was in 2022 for possessing drugs.[25]

Mr. Fonoti also maintains that a sentence reduction is warranted because, in his view, his Sentencing Guidelines range was inflated due to the use of the offense level for actual methamphetamine instead of a mixture, and because Mr. Fonoti's criminal history category overstated the severity of his prior criminal

---

[21] Docket 252 at 5-9; Docket 263-1 at 9, 13-14 (sealed) (noting Mr. Fonoti suffers from gout, diabetes, sleep apnea, high blood pressure, kidney disease, and obesity).

[22] Docket 263-3 at 4 (sealed).

[23] Docket 263-1 at 13-14 (sealed).

[24] Docket 252-2 at 2-4; Docket 263-3 at 1-4 (sealed). *See also* Docket 263-5 (positive character letters from Bureau of Prison staff).

[25] Docket 263-3 at 3 (sealed).

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order on Motion for Compassionate Release
Page 7 of 9
Case 3:18-cr-00039-SLG     Document 275     Filed 04/08/25     Page 7 of 9

conduct.[26] In Mr. Fonoti's view, his prior criminal conduct was overstated because three of the criminal history points were for traffic offenses and, without those points and applying Amendment 821, he would have not received any additional points for being on state probation.[27] He suggests that a more accurate representation of his offense conduct and criminal history are a total offense level of 31 and a criminal history category III.[28] This would result in a Sentencing Guidelines range of 135-168 months' imprisonment.

The Court finds that none of the circumstances that Mr. Fonoti presents, alone or in combination, "are similar in gravity" to the extraordinary and compelling reasons enumerated in § 1B1.13.[29] Mr. Fonoti has been released to home confinement, diminishing the threat that COVID-19 poses to his health while in an institutional setting and allowing him to seek any necessary medical care. Further, while Mr. Fonoti's rehabilitative efforts are commendable and the Court recognizes the difficulties faced by institutions and inmates during the COVID-19 pandemic, those circumstances do not support reducing Mr. Fonoti's sentence by 24 months; Mr. Fonoti received a below-Guidelines sentence and his sentence is within the Guidelines range that Mr. Fonoti suggests is more appropriate.

---

[26] Docket 263-1 at 10-12 (sealed).

[27] Docket 263-1 at 11-12 (sealed).

[28] Docket 263-1 at 13 (sealed).

[29] U.S. Sent'g Guidelines Manual § 1B1.13(b)(5). Because Mr. Fonoti has not demonstrated an extraordinary and compelling reason for a sentence reduction, the Court does not consider the 18 U.S.C. § 3553(a) factors. *See Keller*, 2 F.4th at 1284.

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order on Motion for Compassionate Release
Page 8 of 9
Case 3:18-cr-00039-SLG    Document 275    Filed 04/08/25    Page 8 of 9

Therefore, Mr. Fonoti's Motion for Compassionate Release at Docket 252 and supplemental Motion for Compassionate Release at Docket 263 are **DENIED**.

DATED this 8th day of April, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00039-SLG-1, *United States v. Fonoti*
Order on Motion for Compassionate Release
Page 9 of 9
Case 3:18-cr-00039-SLG    Document 275    Filed 04/08/25    Page 9 of 9